# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARMELENE LYNNE WOODS,        )
                              )
            Plaintiff,        )
                              )
     v.                       )         1:15CV763
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of        )
Social Security,              )
                              )
            Defendant.        )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Carmelene Lynne Woods brought this action pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for benefits under Title II of the Act, but granting her claim for benefits under Title XVI of the Act beginning October 1, 2011.  (See Docket Entry 2; Docket Entry 11-1 at 3.)  Along with her Complaint (Docket Entry 2), Plaintiff filed a "Petition for Extension of Time to Petition for Court Review of Administrative Judge Decision" (Docket Entry 4) (the "Extension Motion").  In turn, the Commissioner filed a "Motion to Dismiss Plaintiff's Complaint" (the "Motion to Dismiss") on grounds of untimeliness.  (Docket Entry 10.)  Plaintiff responded to the Motion to Dismiss by filing a "Motion in Opposition to Defendant's Motion to Dismiss" (Docket Entry 13) and supporting brief (Docket

Entry 14) (collectively, the "Response").[1]  For the reasons that follow, the Court should deny Plaintiff's Extension Motion and grant the Commissioner's Motion to Dismiss.

## I.  BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, both of which the Social Security Administration ("SSA") denied on initial review. (Docket Entry 11-1 at 9.)  Plaintiff appealed the SSA's decision to an administrative law judge (the "ALJ"), who issued a decision partially favorable to Plaintiff, "conclud[ing] that [she] was not disabled prior to October 1, 2011, but became disabled on that date and has continued to be disabled through the date of [the ALJ's] decision." (Id.)  Thereafter, Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied her request for review. (Id. at 11.)  As a result, the ALJ's decision became the Commissioner's final decision.  See Wilkins v. Secretary, Dept. of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

On July 8, 2015, the Commissioner mailed its denial notice (the "Denial Notice") to Plaintiff at her residence in

---

[1] Plaintiff's Response simply asks "this Court to deny or otherwise reject [the Commissioner's] Motion to Dismiss." (Docket Entry 13 at 1.)  Accordingly, it constitutes a response in opposition to the Commissioner's Motion to Dismiss.  See M.D.N.C. LR7.3(f).

Winston-Salem, North Carolina. (Docket Entry 11-1 at 3; see also id. at 11 (Denial Notice dated July 8, 2015, addressed to Plaintiff).) The Denial Notice informed Plaintiff of her right to "ask for court review" of the Commissioner's decision by filing a complaint in the United States District Court for the judicial district in which she lives within 60 days from the date she received the Denial Notice. (Id. at 12-13.) The Denial Notice further stated:

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Id. at 13.) Plaintiff filed her Complaint and Extension Motion in this Court on September 17, 2015 (see Docket Entries 2, 4), without requesting an extension from the Appeals Council (Docket Entry 11-1 at 3; see also Docket Entry 14 at 3 (conceding that, "Plaintiff . . . in fact filed with this Court the required request to the Commissioner for tolling the 60-day limit")).

## II. DISCUSSION

### A. Relevant Standard

The Commissioner's Motion to Dismiss contends that the Court should dismiss Plaintiff's Complaint as untimely because Plaintiff filed her Complaint more than 60 days after receiving the Denial

3

Notice. (Docket Entry 11 at 2.) Although the Commissioner fails to cite to an applicable Federal Rule of Civil Procedure (the "Rules") under which she pursues dismissal, "[a] motion to dismiss a complaint as untimely is generally brought under Rule 12(b)(6)." Derosa v. Colvin, No. 5:14-CV-414, 2014 WL 5662771, at *1 (E.D.N.C. Nov. 4, 2014) (unpublished) (citing Moseke v. Miller & Smith, Inc., 202 F. Supp. 2d 492, 496 n.5 (E.D. Va. 2002)). Here, however, both the Commissioner and Plaintiff submitted documents relating to the date on which the Commissioner sent the Denial Notice and/or the date on which Plaintiff received the Denial Notice. (See Docket Entries 11-1, 14-2, 14-3, 14-5.)

Specifically, the Commissioner submitted the declaration of Kathie Hartt ("Hartt") (Docket Entry 11-1 at 1-4), and Plaintiff submitted her affidavit (Docket Entry 14-5), along with two letters from her doctor (Docket Entries 14-2, 14-3).[2] Because these documents contain information not referenced in the Complaint, the Commissioner's Motion to Dismiss should be converted into a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."); see also Derosa, 2014 WL

---

[2] As the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, SSA (Docket Entry 11-1 at 1), Hartt processes paperwork related to civil actions under Titles II and XVI of the Act filed in North Carolina (id. at 3).

4

5662771, at *2 (converting motion to dismiss into motion for summary judgment where the Commissioner attached an affidavit from an SSA official and, in response, the plaintiff submitted her affidavit).

When converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." Id. "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (alteration and internal quotation marks omitted).

In this case, the Commissioner submitted evidence in support of the Motion to Dismiss that was "outside the pleadings, putting [P]laintiff on notice of possible conversion." Lake v. Astrue, Civ. Action No. 6:11-2107, 2012 WL 3135385, at *2 n.1 (D.S.C. Aug. 1, 2012) (unpublished) (citing Fornshill v. Ruddy, No. 95-2490, 89 F.3d 828 (table), 1996 WL 333223, at *2 (4th Cir. June 11, 1996) (unpublished)). Plaintiff responded by attaching her affidavit and two doctor's notes to her Response. (Docket Entries 14-2, 14-3, 14-5.) The undersigned United States Magistrate Judge therefore "concludes that [P]laintiff has been afforded a 'reasonable

5

opportunity' to present materials relevant to her [R]esponse," and will convert the Commissioner's Motion to Dismiss (Docket Entry 10) into a motion for summary judgment.  Derosa, 2014 WL 5662771, at *2; see also Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (treating district court's holding as a grant of summary judgment, where "[t]he [plaintiffs] had ample opportunity to bring forth evidence to show that genuine issues of material fact remained"); Lake, 2012 WL 3135385, at *2 (concluding that, "[a]s matters outside of the pleadings were presented by both [the plaintiff] and [the Commissioner] that the court chooses not to exclude, the court treats the [Commissioner's] motion [to dismiss] as one for summary judgment").

**B. Rule 56 Requirements**

In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The movant bears the burden of establishing the absence of a genuine dispute of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted . . . as being true unless the plaintiff submits

6

h[er] own affidavits or other documentary evidence contradicting the assertion," Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial." Dunn v. Aclairo Pharm. Dev. Grp., 401(K) Plan, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (unpublished) (citing Anderson, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. Anderson, 477 U.S. at 252, 256.

**C. Time for Appeal of the Commissioner's Final Decision**

The Act provides that a claimant "may obtain [judicial] review of [the Commissioner's final] decision by a civil action commenced within sixty days after the mailing to [the claimant] of notice of such decision." 42 U.S.C. § 405(g).[3] Because the time limit constitutes "a condition on the waiver of sovereign immunity," it "must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). The 60-day statute of limitations begins to run upon the claimant's receipt of the notice, rather than upon its

---

[3] "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

7

mailing.  See 20 C.F.R. § 422.210(c).  However, the claimant presumably received the notice five days after mailing, absent a "reasonable showing to the contrary."  Id.  If the claimant makes a "reasonable showing" that she did not receive the notice within the five-day presumptive period, "the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision" more than sixty days prior to filing the complaint in district court.  McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).  Courts have routinely held that a claimant's affidavit asserting in conclusory fashion that she did not receive the Commissioner's notice within the five-day presumptive period, without more, does not constitute a "reasonable showing" under 20 C.F.R. § 422.201(c).  See, e.g., Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (explaining that the plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent"); Derosa, 2014 WL 5662771, at *3-4 (same); Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988) (same); Rouse v. Harris, 482 F. Supp. 766, 769 (D.N.J. 1980) (same).

In the event a claimant does not make a "reasonable showing" to rebut the statutory presumption of receipt, the Court may still excuse a tardy filing through equitable tolling.  Bowen, 476 U.S.

8

at 478-81 (holding that "the 60-day requirement is not jurisdictional" and is subject to equitable tolling in "rare" cases). "To qualify for equitable tolling, [Plaintiff] must show that (1) [she] diligently pursued [her] rights, but (2) an extraordinary circumstance prevented [her] from timely filing [her] claim" (the "Holland Test"). CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)); see also Menominee Indian Tribe of Wis. v. United States, ___ U.S. ___, ___ n.2, 136 S. Ct. 750, 756 n.2 (2016) (noting that Holland, 560 U.S. 631, "is a habeas case, and [the Supreme Court] ha[s] never held that its equitable-tolling test necessarily applies outside the habeas context" or "whether an even stricter test might apply to a nonhabeas case").

Under the second prong of the Holland Test, equitable tolling occurs "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [her] control." Menominee Indian Tribe, ___ U.S. at ___, 136 S. Ct. at 756. "For example, extraordinary circumstances have been found when parties lack access to the courts entirely," "when a plaintiff is prevented from asserting [his or her] claims by some kind of wrongful conduct on the part of the defendant," and "when the statute of limitations ran after a party received a favorable (but later determined to be erroneous) administrative disposition of her claim." CVLR

9

Performance Horses, 792 F.3d at 478 (internal quotation marks); see also Gamble v. Colvin, Civ. Action No. 1:12-1459, 2014 WL 197740, at *4 (D.S.C. Jan. 16, 2014) (unpublished) ("[A] majority of circuits require a showing of clandestine action on the part of the government in order to apply equitable tolling." (citing Torres v. Barnhart, 417 F.3d 276, 281–83 (2d Cir. 2005) (collecting cases))). Conversely, a plaintiff's contention that "his health has deteriorated [and] that the postal service is slow" does not toll the 60-day statute of limitations. Hunt v. Astrue, 1:10CV141, 2012 WL 6761418, at *4 (M.D.N.C. Dec. 31, 2012) (unpublished), recommendation adopted, slip op. (M.D.N.C. Jan. 29, 2013).

Here, the Commissioner presents Hartt's declaration, affirming that she undertook custody of Plaintiff's file and supervised its examination. (Docket Entry 11-1 at 3.) Hartt states that, on July 8, 2015, the Commissioner mailed the Denial Notice to Plaintiff at her residence. (Id.) Hartt further reports that she is "not aware of any request for an extension of time to file a civil action as specified in" the Denial Notice, 42 U.S.C. § 405(g), and 20 C.F.R. § 422.210. (Id.) Through Hartt's declaration, the Commissioner presented sufficient evidence to establish that Plaintiff received the Denial Notice by July 13, 2015, such that Plaintiff's deadline for filing her Complaint was September 11, 2015 (i.e., 60 days after July 13, 2015). See 20 C.F.R. § 422.210(c).

10

Plaintiff filed her Complaint on September 17, 2015 (Docket Entry 2), six days after the September 11, 2015 deadline. In her Response, Plaintiff asserts that she did not receive the Denial Notice until July 31, 2015. (Docket Entry 14 at 2.) That receipt date would make her filing deadline September 29, 2015, and her Complaint timely. Plaintiff, however, must make a "reasonable showing" that she received the Denial Notice after the presumptive period.

In her attempt to make this "reasonable showing," Plaintiff asserts that the Commissioner sent the Denial Notice via regular mail (Docket Entry 14 at 4), but she left for California on July 9, 2015 and did not return until July 30, 2015 (Docket Entry 14-5, ¶ 1); and she suffered medical issues in July 2015 (Docket Entry 14-4 at 2) and September 2015 (Docket Entry 14-5, ¶ 3). Upon review, Plaintiff's submissions fail to make a "reasonable showing" that rebuts the presumption that she received the Denial Notice within five days of its mailing.

With regard to the Commissioner's method of mailing and Plaintiff's time in California, Plaintiff's Response states that the Commissioner sent the Denial Notice via "<u>REGULAR</u> United States mail" and that, due "to the idiosyncratic delivery of the United States first class mail, [she] did not receive [the Denial Notice] until July 31, 2015." (Docket Entry 14 at 3-4 (emphasis in original).) Plaintiff does not contend the Denial Notice <u>arrived</u>

11

at her residence on July 31, 2015, but only that she received the Denial Notice after she returned from her trip. (See id. at 1-4.) Other than her bald assertion that "[she] did not in fact receive the [Denial Notice] . . . until July 31, 2015" (id. at 3), Plaintiff does not provide any evidence (e.g., a postmarked envelope or flight tickets) to rebut the presumption that she received the Denial Notice on or before July 13, 2015.

Moreover, in her Extension Motion, Plaintiff states that she returned from California on July 27, 2015, and received the Denial Notice that same day. (Docket Entry 4 at 2.) In contrast, Plaintiff's affidavit states that she returned from California on July 30, 2015 (Docket Entry 14-5, ¶ 1), and her Response states that she received the Denial Notice on July 31, 2015 (Docket Entry 14 at 3). Plaintiff's contradictory statements undermine her contention that she received the Denial Notice some 23 days after mailing. See Brown v. Astrue, 3:12-CV-312, 2013 WL 2182306, at *4 (E.D. Va. May 20, 2013) (unpublished) ("Given [the plaintiff's] . . . equivocation about the letter's actual delivery date, the [c]ourt has good reason to question the credibility of [the plaintiff's] allegations."). Without more than these conflicting avowals, Plaintiff cannot overcome the presumption of receipt. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987) (concluding that statements in affidavits "cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did

12

not receive the Secretary's notice within five days of the date of mailing," and observing that "[o]therwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the [60-day limitations] by merely asserting a late delivery of the notice of the Secretary's decision" (internal quotation marks omitted)); see also Piscopo v. Secretary of Health and Human Servs., 27 F.3d 554 (table), 1994 WL 283919, at *4 (1st Cir. June 27, 1994) (unpublished) (concluding that "[t]he fact that plaintiff may have chosen not to pick up her mail until some time after it was delivered does not refute the presumption that it was received," and that "[t]o hold otherwise would mean that any claimant could avoid the limitations period by simply asserting that he did not open his mail"); Williams v. Astrue, No. 6:09-CV-3183, 2010 WL 2132278, at *1 (D.S.C. May 24, 2010) (unpublished) (dismissing as untimely a two-day late complaint, even though the plaintiff "averred that she did not receive notice of the Commissioner's final decision until . . . two weeks after it was mailed, because she was in [another state] caring for a seriously ill relative").

Turning to Plaintiff's remaining argument, Plaintiff asserts that she was sick during portions of July and September 2015. For instance, Plaintiff's September 17, 2015 Extension Motion asserts that she suffered "an on-set illness . . . from July 9th, 2015 until July 27th, 2015" and that "[she] has been under Doctor's care since

13

July 13th, 2015, and [is] still undergoing testing and remains incapacitated." (Docket Entry 4 at 2.) Additionally, Plaintiff's September 16, 2015 doctor's letter states that Plaintiff sustained a head injury on September 8, 2015, that "[s]he is presently incapacitated," and asks that she be excused "from any proceedings that require her to participate in any arbitration through November 1, 2015." (Docket Entry 14-2.) Plaintiff's November 14, 2015 doctor's letter states that, "[d]ue to a recent injury, [Plaintiff] is unable to participate in any court related procdures [sic] during her recovery process" and asks to "[p]lease excuse her for at least sixty days . . . to . . . allow her sufficient time to recover." (Docket Entry 14-3.) Finally, Plaintiff's affidavit states that "[she] suffered a concussion in September 2015" and that her "family . . . took her back to California on November 23, 2015, and she did not return until January 8, 2016." (Docket Entry 14-5, ¶ 3.)

Given the dates of Plaintiff's alleged sicknesses and incapacitation, only the July 9, 2015 through July 27, 2015 "on-set illness" could potentially have affected her receipt of the Denial Notice. However, Plaintiff fails to provide any details regarding how that illness prevented her from receiving the Denial Notice within the presumptive period. (See, e.g., Docket Entry 14.) On these facts, Plaintiff's averments of sickness and incapacitation fall short of the "reasonable showing" necessary to rebut the

14

presumption that she received the Denial Notice on or before July 13, 2015. Accordingly, no genuine issue of material fact exists as to the untimeliness of Plaintiff's action.

Further, the circumstances in this case do not justify equitable tolling. Assuming, arguendo, that Plaintiff has satisfied the first prong of the Holland Test by "pursuing [her] rights diligently," Holland, 560 U.S. at 649, her allegations of slow mailing, an out-of-town trip, and sickness do not constitute the type of "extraordinary circumstances" that warrant the application of equitable tolling, see Hunt, 2012 WL 6761418, at *3-4 (holding that Plaintiff's assertion of poor mental health and slow mail service do not warrant equitable tolling); Williams, 2010 WL 2132278, at *2 (declining to toll the 60-day limitations period where the plaintiff was out-of-town caring for a sick relative). Equally important, Plaintiff's filings contradict her assertion that she "remain[ed] incapacitated" when her Complaint became due. (Docket Entry 4 at 2.) As an example, Plaintiff filed her Complaint and Extension Motion with the Court on September 17, 2015 (Docket Entries 2, 4), while at the same time asserting that she was "incapacitated" beginning September 8, 2015 (Docket Entry 14-2). Plaintiff makes no attempt to explain how she filed these documents on September 17, 2015, if she remained incapacitated (see Docket Entry 4 at 2 (September 17, 2015 Extension Motion stating, "[Plaintiff] has been under Doctor's care since July 13th, 2015, and

15

[is] still undergoing testing and remains incapacitated")), rather than six days earlier in her incapacitation (i.e., before her September 11, 2015 filing deadline expired). (See, e.g., Docket Entry 14.)

Simply put, Plaintiff has not brought forth sufficient evidence of extraordinary circumstances beyond her control to warrant equitable tolling in this case. See Brown, 2013 WL 2182306, at *5 (concluding that, because the plaintiff "does not adequately justify his failure to meet the strict statute of limitations," he "does not deserve equitable tolling"); see also Webb v. United States, 66 F.3d 691, 702 n.6 (4th Cir. 1995) (noting that the plaintiff's late filing did "not seem to rise to the level of those situations in which the Supreme Court previously allowed equitable tolling, *i.e.*, 'only sparingly. . . . where the [plaintiff] has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [plaintiff] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'" (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990))).

**D. The Extension Motion**

Finally, through her Extension Motion, Plaintiff seeks "leave to extend the time to file her Complaint" pursuant to Rule 6(b). (Docket Entry 4 at 1.) In that regard, Plaintiff's Response explains that she "in fact filed with this Court the required

16

request to the Commissioner for tolling the 60-day limit[, but] . . . it appears that the Commissioner either did not act on Plaintiff's request for tolling or the document was not received by the Commissioner for action." (Docket Entry 14 at 3.) Through her argument, Plaintiff admittedly has not yet requested an extension of time from the Commissioner, but instead, filed her Extension Motion (directed to the Commissioner) in this Court.

Filing an extension request in this Court does not equate to seeking leave from the Commissioner to extend the filing period. (See Docket Entry 11-1 at 13 (Denial Notice stating, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file").) Additionally, "Rule 6(b) only allows a court to extend deadlines prescribed by the federal rules or the court. It does not allow a court to enlarge time periods established by statute." Yordy v. Astrue, No. 1:09-CV-3028, 2010 WL 653099, at *3 (N.D. Cal. Feb. 22, 2010) (unpublished) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2009)). Under these circumstances, "[t]he Court may not utilize Rule 6(b) . . . to enlarge the statute of limitations prescribed by 42 U.S.C. § 405(g)." Id. Plaintiff's Extension Motion should therefore be denied.

Nevertheless, Plaintiff may seek an extension from the Commissioner as directed in the Denial Notice (Docket Entry 11-1 at

17

13). See 20 C.F.R. § 416.1482 (providing that, "[a]ny party to the Appeals Council's decision or denial of review . . . may request that the time for filing an action in a Federal district court be extended," and requiring that the request "be in writing[,] . . . give the reasons why the action was not filed within the stated time period," and "filed with the Appeals Council"); 20 C.F.R. § 416.1411 (describing the circumstances that may provide good cause for an untimely filing).  Should Plaintiff make such request, and the Commissioner find that good cause exists to extend the filing deadline, Plaintiff may file a new action seeking review of the Commissioner's final decision.  See Williams, 2010 WL 2132278, at *3 n.5 (dismissing claim without prejudice where the plaintiff failed to first request from the Appeals Council that the Commissioner waive the 60-day statute of limitations, and allowing the plaintiff to re-file her complaint if the Commissioner found good cause to extend the limitation period in her case).

## CONCLUSION

No genuine issue of material fact exists as to the untimeliness of Plaintiff's Complaint, her failure to make a "reasonable showing" to rebut the presumption that she received the Commissioner's Denial Notice on or before July 13, 2015, the lack of circumstances that would warrant equitable tolling, and her failure to request a "good cause" extension of the statute of limitations from the Commissioner.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Extension Motion (Docket Entry 4) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Commissioner's Motion to Dismiss (Docket Entry 10), converted by actions of the parties to a motion for summary judgment, be **GRANTED,** and that this action be dismissed without prejudice to Plaintiff's right to file a new action if she receives an extension of the statute of limitations from the Commissioner.

                                     /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                            **United States Magistrate Judge**

April 5, 2016